UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

08 AUG 11 PM 4:14

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

AUTUMN OLIVER, VERONICA TOLLIVER,
KHADIJAH HERRING

    Plaintiffs,

vs.

Case No. 3:08CV 367

HOUSING AUTHORITY OF SOUTH BEND;
MARVA J. LEONARD-DENT;
SUSIE HARVEY-TATE;
EARL L. HAIRSTON;
RAFAEL MORTON;
ROBERT B. TOOTHAKER;
GLADYS MUHAMMAD;
GARDEN ESTATES WEST APARTMENTS.

    Defendants.

## COMPLAINT WITH JURY DEMAND

### PRELIMINARY STATEMENT

1. Plaintiff AUTUMN OLIVER (Ms. Oliver) is a female, citizen of the United States and a resident of St. Joseph County, Indiana. She asserts claims of discriminatory treatment as a result of conduct by the Defendants that interferes with her right to rent and occupy residential property. She seeks declaratory, injunctive, and compensatory relief as for injuries suffered as a result of actions by Defendants in violation of the Fair Housing Act, 42 U.S.C. sec. 3601, et seq.; of the Fourteenth Amendment of the United States, as embodied in 42 U.S.C. sec. 1983; of the provisions of 42 U.S.C. sec. 1981; and of specified provisions of Indiana state law as supplemental claims. She requests trial by jury on all issues so triable.

2. Plaintiff VERONICA TOLLIVER (Ms. Tolliver) is a female, African American citizen of the United States and a resident of LaPorte County, Indiana. She sues under the provisions set forth in paragraph (1) above and similarly seeks trial by jury on any issue so triable.

3. Plaintiff KHADIJAH HERRING (Ms. Herring) is a female, African American citizen of the United States and a resident of St. Joseph County, Indiana. She sues under the provisions set forth in paragraph (1) above and similarly seeks trial by jury on any issue so triable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. sec 1331 in that the Complaint presents a federal question. This is a fair housing action arising under the Fair Housing Act of 1988, 42 U.S.C.A. §§ 3601 et seq. Jurisdiction is conferred on this court by 42 U.S.C.A. Section 3613. The Court has supplemental jurisdiction of the state law claims under 28 U.S.C. sec. 1367.

5. Venue of this action lies in the South Bend Division of this Court because the disputes arose in St. Joseph County and LaPorte County, Indiana.

## PARTIES

6. Ms. Oliver resides, with her five-year old son, at property owned by Defendant South Bend Housing Authority.

7. Ms. Tolliver resides, with her minor children, on property located in Michigan City, IN. On information and belief, the property is owned by a private landlord and the rent for the property is paid from federal funds administered by the Housing Authority of

Michigan City, through grants made for that purpose by the United States Department of Housing and Urban Development, a federal agency.

8. Ms. Herring, like Ms. Oliver, resides, with her minor children, in property owned by the Housing Authority of South Bend.

9. Defendant HOUSING AUTHORITY OF SOUTH BEND (HASB) is a public housing authority receiving federal financial assistance from the United States Department of Housing and Urban Development, as well as from other state and municipal government sources. Defendant maintains an office at 501 Alonzo Watson Dr., South Bend IN 46601.

10. Defendant MARVA LEONARD-DENT is Executive Director of HASB and, as such, has responsibility for operation of SBHA in compliance with federal and state law.

11. Defendants SUSIE HARVEY-TATE, EARL L. HAIRSTON, RAFAEL MORTON, ROBERT TOOTHAKER, and GLADYS MUHAMMAD are Commissioners of HASB and, as such, have responsibility for oversight of Defendant SBHA and its management, all in compliance with federal and state law.

12. Defendant GARDEN ESTATES WEST APARTMENTS (Garden Estates) is the landlord of Ms. Tolliver and is located at 909 Pine Tree Ct., Michigan City, IN. On information and belief, Garden Estates receives federal financial assistance in the form of rental payments from the Housing Authority of Michigan City.

13. Each Defendant is a person acting under color of law as defined by 42 U.S.C. sec. 1983.

## FACTUAL ALLEGATIONS

14. HASB has sent notices to Ms. Oliver and Ms. Herring stating that their leases will be terminated. Ms. Oliver has challenged that proposed action in an administrative appeal process. HASB on July 25 issued a decision which appears to deny her appeal, although that decision is not altogether clear.

15. Garden Estates has filed a Small Claims action in LaPorte Superior Court No. 4, Case Number: 46D04-0805-SC-1352, set for trial before a Magistrate on August 12, 2008/

16. The essence of each Notice, to each Plaintiff, is that criminal activity took place on the property and each Plaintiff is responsible for the activity, with the result that each Plaintiff must be evicted with her children.

17. None of the Plaintiffs engaged in any criminal activity, nor did their children None of the Plaintiffs, or their children, are charged with any criminal law violation.

18. What occurred at each residence is that a third party entered the property and threatened Plaintiffs and their children or engaged in conduct which resulted in the local police being summoned.

19. Each Plaintiff is threatened with eviction and termination of her lease because the actions of persons over whom she had no control are being ascribed to her and she is being held vicariously responsible.

## EQUITY AND DAMAGES

20. Each Plaintiff is a person with low income, receiving only public benefits with Food Stamps and Medicaid. The capacity of each Plaintiff to secure adequate housing for herself and her children is severely limited because of her poverty.

21. Eviction would threaten each with irreparable harm in that she has no other comparable and appropriate housing available to her, is unable to afford private housing at market rents, and would suffer both stigmatization and denial of admission to other public or subsidized housing if she was evicted under these circumstances.

22. The children of each would also suffer in that they would be similarly deprived of adequate housing and would suffer similar stigmatization.

23. As a direct and proximate result of the past and threatened actions of Defendants, each Plaintiff and her children have suffered injuries for which they deserve compensation. These injuries include loss of bargain, emotional distress, and discrimination on the basis of race, as well as injuries resulting from denial of federal and state guaranteed civil rights.

## INCORPORATION OF ALLEGATIONS

24. Each Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth in each of the following claims.

## FIRST CAUSE OF ACTION—

## SEGREGATED LOCATION OF PUBLIC HOUSING

25. Defendants, and their predecessors, have located the pertinent rental property in areas in which the population is primarily African American, or non-Caucasian. The location of the property segregates each Plaintiff and her children because of race.

26. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of each Plaintiff and her children, causing them humiliation and emotional distress.

27. Defendants' acts herein complained of violated the Fair Housing Act, 42 U.S.C. sec. 3604 (b).

## SECOND CAUSE OF ACTION-

## RIGHT TO CONTRACT

28. Defendants have denied to each Plaintiff and her children, because of race, the right to make and enforce a contract in that they seek to terminate her lease. Defendants have a copy of the contract/lease in their possession.

29. Defendants' conduct unlawfully humiliated each Plaintiff and her children and interfered with their ability to exercise and enjoy rights granted and protected by 42 U.S.C. sec. 1981.

30. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and

feelings of each Plaintiff and her children causing them humiliation and emotional distress.

31. The conduct herein complained of violates 42 U.S.C. sec. 1981.

## THIRD CAUSE OF ACTION-
## THIRD PARTY BENEFICIARY

32. Defendants have breached a contract between Defendants and the United States Department of Housing and Urban Development of which each Plaintiff and her children are third party beneficiaries in taking the actions alleged and committing the causes of actions asserted herein. Defendants have a copy of the contract in their possession.

33. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings, each Plaintiff and her children causing them humiliation and emotional distress.

34. The conduct herein constitutes breach of a contractual duty to a third party beneficiary.

## FOURTH CAUSE OF ACTION—
## FOURTEENTH AMENDMENT

35. Defendants took the alleged actions under color of state law in that they are recipients of federal financial assistance from the United States Department of Housing and Urban Development and other public funds.

36. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings each Plaintiff and her children, causing them humiliation and emotional distress.

37. Defendants threatened to take or have taken action against each Plaintiff and her children under the Indiana ejectment statute, I.C. 32-30-3-1 et seq.

38. Defendants have thereby violated the rights to each Plaintiff and her children equal protection of the laws and to due process, guaranteed by the Fourteenth Amendment to the Constitution of the United States, as embodied in 42 U.S.C. sec. 1983.

## FIFTH CAUSE OF ACTION—STATE LAW

39. As a supplemental claim under Indiana law, Defendants entered into contracts (the leases) with each Plaintiff, failed to comply with its terms, and acted in bad faith in so doing. Defendants have a copy of the contract/lease in their possession

40. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings each Plaintiff and her children, causing them humiliation and emotional distress.

34. Defendants have breached the contract.

## SIXTH CAUSE OF ACTION—STATE LAW

41. Defendants have so acted to deny each Plaintiff and her children due course of law and equal access to the Courts as guaranteed by Article I of the Constitution of Indiana.

42. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of, causing each Plaintiff and her children humiliation and emotional distress

## RELIEF

WHEREFORE, Plaintiffs requests this Court to grant the following relief:

(A) Recognize that Plaintiff has given notice of this action to the Attorney General of Indiana.

(B) Issue a Declaratory Judgment determining the rights and obligations of the parties, including a determination that the Indiana ejectment statute violates federal and state law.

(C) Issue appropriate Preliminary and Permanent Injunctive Orders to implement the Declaratory Judgment.

(D) Conduct a jury trial on any issue so triable.

(E) Award appropriate compensatory and exemplary damages on each cause of action upon which she prevails.

(F) Grant such additional legal and equitable relief as the Court deems just.

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiff

S_____
Kent Hull
Attorney No.: 8580-71
105 E. Jefferson Blvd., Suite 600
South Bend, IN 46601
(574) 234-8121

VERIFICATION ATTACHED TO ORIGINAL

# VERIFICATION

I affirm this 4 day of August, 2008, under the penalties of perjury, that the foregoing representations are true.

*K. Deming*